McGuire *v.* Levi.

4-8220

202 S. W. 2d 765

Opinion delivered June 2, 1947.

Rehearing denied June 30, 1947.

*Richard W. Hobbs* and *William G. Bouic,* for appellant.

*Curtis L. Ridgway* and *James R. Campbell,* for appellee.

Robins, J. The chancery court of Garland County on May 12, 1942, in a suit instituted by appellants, Tom McGuire and T. D. Short, against appellee, Ida Levi, and others, rendered decree enjoining appellee, Ida Levi, and other defendants, and their "assigns," from "operating any boating businesses of any kind or character

along Stokes' Creek'' within the limits of the shore line on this stream owned by Ida Levi at the time she sold and conveyed to appellant, McGuire, a portion of her land bordering on Stokes' Creek.

Appellee, Ida Levi, originally owned land extending for more than a mile along Stokes' Creek. She conveyed to appellant, McGuire, one acre with a frontage of 467 feet on the creek and at the same time executed a written agreement whereby she covenanted with McGuire that McGuire should have exclusive ''commercial boating privileges'' along the shore line of the land retained by Mrs. Levi, so long as McGuire should remain the owner of the land sold to him by Mrs. Levi. This contract appears to have been recorded, but whether it was acknowledged, so as to entitle it to record, is not shown in the transcript before us. Alleged violation of this agreement was the basis of the original suit, and of the injunction granted therein.

On October 8, 1946, appellants filed a petition, in the same suit, alleging that the appellees, L. Clayton, White Wood Lodge, Mary Bessler, Wig Wam Lodge, W. D. Smithey, Circle L. Ranch, T. J. Housley and Edgewater Lodge, who, it was averred had, since the rendition of the above decree, become the ''assigns'' of Mrs. Levi, were engaged in commercial boating in violation of said decree; and citation for contempt against all of said named appellees was prayed.

Responses were filed by said appellees, and the response of appellees, Smithey and Housley, in addition to a denial of violation of the injunction by them, contained a prayer that the original decree be vacated. The court heard the matter on oral testimony and, finding that the injunction had not been violated, dismissed the contempt proceedings, but did not vacate the injunction.

Appellants, McGuire and Short, have appealed from that part of the decree by which the appellees were absolved from the contempt charge; and appellee, Smithey, has cross-appealed and urges error in the failure of the court to set aside the injunction.

We have carefully reviewed the testimony and we cannot say that the finding of the lower court that violation of the injunction was not established is against the weight of the evidence. That part of the decree must therefore be upheld under our long established rule that we do not reverse the finding of a chancery court on a fact question unless the finding is against the weight of the testimony.

Appellee, Smithey, in support of his cross-appeal, argues that the agreement entered into by his grantor, appellee Ida Levi, by which she bound herself and her assigns not to engage in commercial boating in the named area, was not such a covenant as would run with the land and therefore was not binding upon appellee, Smithey, and that the original injunction, granted in the decree of May 12, 1942, in so far as it affected assigns of Mrs. Levi, was erroneous and should be vacated as to him.

Smithey was not a party to the original proceeding, but enforcement against him was sought on the ground that the injunction was against Ida Levi *and her assigns,* and that Smithey, having purchased land in the affected area from Ida Levi, was bound by its provisions. Assuming that Smithey was thus bound by the decree, he could not have it vacated now solely on the ground that it was erroneous—it has become final as to him as well as to all the other defendants. If Smithey is not thus vicariously bound by the original decree, he has no right to attack it. So, in either view of the matter, the lower court properly refused his prayer that the decree be vacated as to him.

Decree of the lower court is affirmed on direct appeal and on cross-appeal.